IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK J. WILSON, ) | No. C 04-02858 JW (PR) |
| Petitioner, ) | |
| ) | ORDER DENYING PETITION FOR |
| vs. ) | A WRIT OF HABEAS CORPUS |
| ) | |
| MIKE KNOWLES, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a California prisoner currently incarcerated at Folsom State Prison, and proceeding pro so, seeks a writ of habeas corpus under 28 U.S.C. § 2254, alleging the following claims for federal habeas relief: (1) the state court violated petitioner's right to due process in finding his prior convictions constituted strike offenses under state law; (2) the trial court's determination that petitioner's prior convictions qualify as strikes violated the Supreme Court's holding in Apprendi v. New Jersey which requires that facts increasing a penalty be submitted to a jury; and (3) petitioner's sentence violates the Eighth Amendment proscription against cruel and unusual punishment. This Court found the claims, liberally construed, were cognizable and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause, and petitioner has filed a traverse.

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.04\Wilson2858_denyHC.wpd

## BACKGROUND

In 2000, petitioner was found guilty by a jury in Superior Court of the State of California in and for the County of Santa Clara of driving under the influence with a prior conviction for gross vehicular manslaughter. The jury also found true the allegation that petitioner had wilfully refused to submit to a chemical test. Prior to trial, petitioner pled guilty to three misdemeanors related to driving with a suspended or revoked license. After a nonjury trial, the court found true allegations that petitioner had two prior serious felony convictions that qualified as strikes under the "Three Strikes" law (§§ 667, subds. (b)-(i); 1170.12). The court sentenced petitioner to a prison term of 25 years to life. People v. Wilson, No. H021472, slip op. 1 (Cal.Ct.App. Dec. 23, 2002) (Resp. Ex. 8).

The California Court of Appeal set forth the following summary of the facts relating to petitioner's prior convictions:

> The information alleged two strike prior convictions, one for driving under the influence and causing bodily injury (Veh. Code, § 23153, subd. (b)), and the other for gross vehicular manslaughter (§ 191.5, subd. (a)). Both convictions arose from the same incident on September 8, 1993. To prove both strikes, the prosecution introduced various documents from the record of those convictions, including the preliminary hearing transcript.
> At that hearing, Debra Horvat testified that on the night of September 7, 1993, she was driving her car with [petitioner] as a passenger near Reno, Nevada. She drove up a mountain, but on their way down, Horvat had [petitioner] drive. At some point that night, they drove into California, and [petitioner] said he wanted to go to San Jose. Horvat declined, so [petitioner] drove instead to "the granite face of Squaw Valley." After a while, they drove to Truckee. As the sun started to rise, [petitioner] drove into a field and parked. Horvat, who had been up for approximately 24 hours, fells asleep in the car. According to Horvat, the next thing she remembered was being in the emergency room at Washoe Medical Center in Reno. She had had no memory of a car accident. She denied that she and [petitioner] had been drinking that night in the car. She also denied grabbing the steering wheel just before the accident occurred.
> Concerning her injuries from the accident, Horvat testified that her eye was bloody; her right shoulder, wrist, and knee were injured; and she had cuts on her left foot. She spent 13 days in the hospital and had a cast on her wrist for 10 weeks. She also attended physical therapy.
> Officer Robert J. Carpenter of the California Highway Patrol went to the scene of the accident. He testified that a man named Joe Shinek told him he had seen a hitchhiker get into a Ford Tempo, which

then passed him at 80 and 90 miles per hour. At one point the Tempo's left tire went into the dirt. The car then veered off the road and flipped over.

Officer David Cox of the California Highway Patrol joined other officers at the scene. John J. Haessly lay dead in a field. Another officer told Cox that [petitioner] had been driving and Horvat was found in the passenger seat with the seat belt wrapped around her neck. When Cox spoke to [petitioner], [petitioner] smelled of alcohol, his speech was slurred and thick, and his eyes were very bloodshot. [Petitioner] repeated that Horvat grabbed the steering wheel. Cox also spoke to a man named Rowe, who said he had helped [petitioner] flag down a car for help. Rowe reported that [petitioner] had said, "The bitch grabbed the steering wheel. What did she grab the wheel for?"

Later, Cox spoke with [petitioner] at the hospital about the accident. [Petitioner] was belligerent. When asked if he was drinking, [petitioner] replied, "Yes. All of us were." When asked how fast he was driving, [petitioner] said that Horvat had been driving, and he was in the back seat.

At the hospital, Cox also questioned Horvat. She could not speak but was able to nod or shake her head to indicate "yes" or "no." Responding to Cox's leading questions, Horvat indicated that [petitioner] was driving, she was in the front passenger seat, and Haessly was riding in the back.

Id., slip op. at 2-4.

After the preliminary hearing, petitioner pled no contest to all charges arising out of the September 8, 1993 incident, including the charges for driving under the influence and causing bodily injury and for gross vehicular manslaughter. Id., at footnote 4.

The California Court of Appeal affirmed the conviction for the current offenses, and the California Supreme Court denied review. Petitioner then timely filed the instant federal habeas petition.[1]

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that

---

[1] Respondent moved to dismiss the petition as untimely, but withdrew the motion after subsequently obtaining information indicating that petitioner had submitted his petition to prison officials for mailing the day before the limitations period expired.

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.04\Wilson2858_denyHC.wpd      3

he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

A federal habeas court may grant the writ it if concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.04\Wilson2858_denyHC.wpd            4

presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

B.   Claims and Analysis

   1.   Sentencing Error

Petitioner first claims that he was denied due process when the state court found that his prior convictions qualify as strikes in violation of state law. Petitioner contends that his 1993 prior convictions do not qualify as strikes because the convictions did not involve "the personal infliction of great bodily injury on any one other than an accomplice" under Cal. Penal Code § 1192.8, subd. (a), and that it was unfair for the trial court to make such factual determinations without giving him an opportunity to defend himself. Nevertheless, petitioner's claim does not merit federal habeas relief, for it is well settled that claims challenging whether a prior conviction qualified for a sentence enhancement under California law is an issue of state law and not a cognizable federal habeas claim. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989). Furthermore, because petitioner is alleging a violation of state law, this claim is not cognizable on federal habeas. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (state law violations not cognizable on habeas). Accordingly, petitioner's claim is DENIED.

   2.   Right to Jury Trial under *Apprendi*

Petitioner next claims that the trial court's determination that his prior convictions qualified as strikes violates the Supreme Court's rule in Apprendi v.

1  New Jersey. In <u>Apprendi</u>, the Supreme Court held that "[o]ther than the fact of a
2  prior conviction, any fact that increases the penalty for a crime beyond the
3  prescribed statutory maximum, must be submitted to a jury, and proved beyond a
4  reasonable doubt." 120 S.Ct. 2348, 2362-63 (2000). Petitioner contends the trial
5  court deprived him of his constitutional right to a jury trial under <u>Apprendi</u> when it
6  allegedly made factual findings regarding his prior convictions which qualified them
7  as three strikes and thereby exposed him to greater penalty. Although this claim was
8  not exhausted in state court as respondent correctly points out, this Court will
9  proceed to review the claim on its merits as respondent has waived the issue of
10 exhaustion and responded against the merits of the claim.

11      The Sixth Amendment does not require jury sentencing. <u>Spaziano v. Florida</u>,
12 468 U.S. 447, 464-65 (1984) (6th Amendment never construed to require jury
13 sentencing). A jury therefore need not determine "sentencing factors" that simply
14 limit the sentencing court's discretion in selecting a penalty within the range already
15 available to it. <u>McMillan v. Pennsylvania</u>, 477 U.S. 79, 87-88 (1986). Such factors
16 neither alter the maximum penalty for the crime committed nor create a separate
17 offense calling for a separate penalty. <u>Id.</u> In <u>McMillan</u>, the Supreme Court held that
18 a law that required a sentencing judge to impose a minimum five-year sentence upon
19 finding certain facts by a preponderance of the evidence did not violate the Sixth
20 Amendment. The Court reasoned that because a defendant does not have a right to a
21 jury-imposed sentence, he does not have right to a jury determination of the facts
22 that trigger the mandatory minimum sentence. <u>Id.</u> at 88-90; <u>see, e.g.</u>, <u>Arreguin v.
23 Prunty</u>, 208 F.3d 835, 838 (9th Cir. 2000) (special circumstance determination under
24 Cal. Pen. Code § 190.2 a "sentencing factor," so no 6th or 14th Amendment right to
25 have determination made by jury). But the Court also made clear in <u>McMillan</u> that a
26 fact that "alters the maximum penalty of the crime committed" is an "element"
27 which must be proved to a jury beyond a reasonable doubt. <u>McMillan</u>, 477 U.S. at
28 87-88.

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.04\Wilson2858_denyHC.wpd            6

The Supreme Court made clear in recent years that it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority. Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004); see, e.g., United States v. Booker, 125 S. Ct. 738, 781-82 (2005).

However, Apprendi left open an exception with respect to "the fact of a prior conviction." 120 S.Ct. at 2362-63. The exception for prior convictions derives from the Supreme Court's opinion in Almendarez-Torres v. U.S., 523 U.S. 224 (1998). There, the Supreme Court held that the fact of a prior conviction was not an element of an offense, but rather a sentencing factor, and thus need not be charged in a felony indictment regardless of the fact that the prior conviction finding increased the defendant's sentence beyond the maximum prescribed penalty. The Court stated that "the sentencing factor at issue here -- recidivism -- is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." Id. at 243.

The court in Apprendi was examining an enhancement based on conduct in the instant offense, not a prior conviction as in petitioner's case. Thus, while the court stated with regard to Almendarez-Torres, that it was "arguable that [the case] was incorrectly decided and that a logical application of our reasoning today should apply if the recidivist issue were contested," Apprendi did not reach this issue nor overrule Almendarez-Torres. Apprendi's "prior conviction" exception is limited to prior convictions resulting from proceedings that afforded the procedural necessities of a jury trial and proof beyond a reasonable doubt. United States v. Tighe, 266 F.3d 1187, 1194 (9th Cir. 2001) (juvenile adjudications that do not afford the right to a jury trial and beyond-a-reasonable-doubt burden of proof do not fall within Apprendi's "prior conviction" exception). Tighe's holding does not represent

1  clearly established Supreme Court precedent, however. See Boyd v. Newland, 393
2  F.3d 1008, 1017 (9th Cir. 2004) (in the face of other-circuit authority that is directly
3  contrary to Tighe, and in the absence of explicit direction from the Supreme Court, it
4  cannot be said that California courts' use of a juvenile adjudication as a sentencing
5  enhancement was contrary to, or involved an unreasonable application of, Supreme
6  Court precedent).

7  The only issue in petitioner's case is whether denying a criminal defendant
8  the right to a jury trial on the issue of whether a prior conviction is among those
9  defined by a state's recidivism statute is "clearly contrary" to governing federal law.
10 In order to be "clearly established federal law, as determined by the Supreme Court
11 of the United States," the law must come from "the holdings, as opposed to the dicta,
12 of [the] Court's decisions as of the time of the relevant state-court decision."
13 Lockyer v. Andrade, 123 S.Ct. 1166, 1172-74 (2003).  As discussed above, the
14 Supreme Court has yet to affirmatively hold that defendants have a Sixth
15 Amendment right to jury determination of the fact of a prior conviction.

16 Petitioner, however, did receive a jury determination as to the fact that he
17 suffered the prior conviction. See *supra* at 2.  In California, criminal defendants
18 have a statutory right to a jury determination of the fact of a prior conviction.  Cal.
19 Penal Code § 1025.  The California Supreme Court has limited this right to "only
20 whether he or she 'suffered' the alleged prior conviction." People v. Wiley, 9
21 Cal.4th 580, 589 (1995).  Nevertheless, petitioner argues that the denial of a jury
22 determination as to whether the prior convictions were among those encompassed by
23 the enhancement statute violates his rights under Apprendi.  Such a narrow
24 construction of Apprendi has not been dictated by the Supreme Court, and it is not
25 clearly established federal law.  Thus, there is no "clearly established" federal right
26 to jury trial in determining the legal significance of a prior conviction, and the state
27 court's decision was neither contrary to nor an unreasonable application of clearly
28 established federal law.  Therefore, petitioner's claim for habeas corpus relief due to

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.04\Wilson2858_denyHC.wpd            8

1  the denial of a jury trial under Apprendi is DENIED pursuant to § 2254(d).

2        3.      Eighth Amendment

3        Petitioner's last claim is that his sentence of 25 years in state prison
4  amounts to cruel and unusual punishment, in violation of his rights under the Eighth
5  Amendment. A criminal sentence proportionate to the crime for which the
6  defendant was convicted does not violate the Eighth Amendment. Solem v. Helm,
7  463 U.S. 277, 303 (1983) (sentence of life imprisonment without possibility of
8  parole for seventh nonviolent felony violates 8th Amendment). "Successful
9  challenges to the proportionality of particular sentences will be exceedingly rare."
10 Id. at 289-90. Since Harmelin v. Michigan, 501 U.S. 957 (1991), only extreme
11 sentences that are "grossly disproportionate" to the crime violate the Eighth
12 Amendment. United States v. Carr, 56 F.3d 38, 39 (9th Cir. 1995).

13     Here, petitioner was sentenced to 25 years in state prison for driving under
14 the influence of alcohol and for the prior convictions of driving under the influence
15 and causing bodily injury and gross vehicular manslaughter. Longer sentences than
16 petitioner's for less serious crimes than those of which petitioner was convicted have
17 been held to not be "grossly disproportionate" under the Eighth Amendment. See,
18 e.g., Ewing v. California, 538 U.S.11, 24-25 (2003) (sentence of 25 years to life for
19 conviction of grand theft with prior convictions was not grossly disproportionate);
20 Harmelin, 501 U.S. at 1005 (mandatory sentence of life without possibility of parole
21 for first offense of possession of 672 grams of cocaine did not raise inference of
22 gross disproportionality); Rummel v. Estelle, 445 U.S. 263, 284-85 (1980)
23 (upholding life sentence with possibility of parole for recidivist convicted of
24 fraudulent use of credit card for $80, passing forged check for $28.36 and obtaining
25 $120.75 under false pretenses); Taylor v. Lewis, 460 F.3d 1093, 1101-02 (9th Cir.
26 2006) (upholding sentence of twenty-five years-to-life for possession of .036 grams
27 of cocaine base where petitioner served multiple prior prison terms and his prior
28 offenses involved violence and crimes against a person); Alford v. Rolfs, 867 F.2d

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.04\Wilson2858_denyHC.wpd     9

United States District Court
For the Northern District of California

1216, 1221-23 (9th Cir. 1989) (upholding life sentence with possibility of parole for possession of stolen property worth $17,000 and having three prior non-violent convictions, including possession of a controlled substance and forgery).  In light of this authority, petitioner's sentence does not violate the Eighth Amendment's prohibition against cruel and unusual punishment so as to warrant habeas relief. Accordingly, petitioner's claim is DENIED.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

DATED:  August 31, 2007

*James Ware*
JAMES WARE
United States District Judge